Sarah Shapero (Bar No. 281748)
SHAPERO LAW FIRM, PC
100 Pine St., Ste. 530
San Francisco, CA 94111
Telephone:   (415) 273-3504
Facsimile:    (415) 358-4116

Attorney for Plaintiffs,
MAHESWARA LINGAREDDY AND SILPA C. PATANATI,
individually and as TRUSTEES OF THE LINGAREDDY
FAMILY TRUST DATED DECEMBER 9, 2016;
LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHESWARA LINGAREDDY AND SILPA C. PATANATI, individually and as TRUSTEES OF THE LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016; LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016<br><br>Plaintiffs,<br><br>v.<br><br>RUBICON MORTGAGE FUND, LLC; MORTGAGE LENDER SERVICES, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. Violation of Fair Debt Collection Practices Act (FDCPA)<br><br>2. Breach of Contract<br><br>3. Specific Performance (Alternative)<br><br>4. Violation of Civil Code 2924c-d<br><br>5. Promissory Estoppel<br><br>6. Unfair Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, who allege as follows:

**PARTIES**

1. Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI, are individuals and serve as trustees of THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016

2. Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI reside in the property located at 1853 Via Di Salerno, Pleasanton, CA 94566 (hereinafter the "Property").

3. Title to the Property is held by The Lingareddy Family Trust, dated December 9, 2016.

4. Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI AS TRUSTEES OF THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016 are the borrowers of a loan secured by a Deed of Trust attached to the Property.

5. Plaintiffs are informed and believe and based thereon allege that Defendant RUBICON MORTGAGE FUND, LLC, (hereinafter "RMF"), is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the owner and/or servicer of the loan at issue secured by the Property during the time periods alleged herein. Plaintiffs are informed and believe and based thereon allege that RMF regularly conducts business in the State of California.

6. Plaintiffs are informed and believe and based thereon allege that Defendant MORTGAGE LENDER SERVICES, INC., (hereinafter "MLS"), is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the servicer and/or foreclosure trustee of the loan at issue secured by the Property during the time periods alleged herein. Plaintiffs are informed and believe and based thereon allege that MLS regularly conducts business in the State of California

7. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiffs who sue each Defendant by such fictitious names. Plaintiffs are informed and believe and based thereon allege that each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for the events and happenings referred to herein, either contractually or

tortuously. When Plaintiffs ascertain the true names and capacities of DOES 1 through 20, they will amend this Complaint accordingly.

8. Plaintiffs are informed and believe and based thereon allege that Defendants and each of them, are, and at all times herein mentioned were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-Defendants, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-Defendants.

## JURSIDICTION AND VENUE

9. This is an action asserting violations of federal, California state law, and common law.

10. These claims arise out of the same controversy or sequence of events. Plaintiffs bring this action based on Defendant's unfair debt collection practices, breach of contract, and foreclosure activity related to a mortgage loan secured by the property located at 1853 Via Di Salerno, Pleasanton, CA 94566 (hereinafter, the "Property"). Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of Pleasanton and County of Alameda.

11. The real property commonly known as 1853 Via Di Salerno, Pleasanton, CA 94566 is located in the County of ALAMEDA, in the State of California and is the property of Plaintiff the LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016.

12. This Court has subject matter jurisdiction over the claims raised herein pursuant to *California Constitution* Article VI, section 10, which grants this Court "original jurisdiction in all causes except those given by statute to other trial courts."

13. The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendants' business involves providing mortgage loans and related services to consumers in the State of California

14. Defendants either are entities duly licensed to do business in the State of California or are entities that regularly conduct business within this judicial district within California.

15. Venue is proper for this Court since the Property is located in Alameda County and because the events or events out of which this action arises, and which form the basis for this action, occurred in Alameda County.

16. The court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendant's business involves providing mortgage loan and related services to consumers in the State of California.

## STATEMENT OF FACTS

17. Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI, are individuals and serve as trustees of THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016.

18. Title to the Property is held by The Lingareddy Family Trust, dated December 9, 2016, and Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI reside in the Property.

19. Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI AS TRUSTEES OF THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016 are the borrowers of a loan secured by a Deed of Trust attached to the Property.

20. In May 2021, RMF made a loan to the Lingareddy Family Trust, dated December 9, 2016 (hereinafter "The Trust"). The original amount of the loan was $3,030,000.00. The loan is secured by a Deed of Trust on the real property located at 1853 Via Di Salerno, Pleasanton, CA 94566.

21. The loan provided for a contract interest rate of 6.99% and included an "INTEREST AFTER DEFAULT" provision that purportedly allowed the lender to charge 18.00% interest in the event of default.

22. In early 2023, a dispute arose regarding the loan, loan balance, and charges to the loan, including the propriety of default interest charged to the loan. That dispute was filed in the Superior Court of Alameda County, bearing Case Number 23CV028599 (the "Alameda Case").

23. In March 2023, Plaintiffs and RMF entered into a Settlement Agreement for Dismissal of Action and Release of Claims (the "Agreement").

24. Pursuant to the Agreement, the Plaintiffs and Defendant RMF agreed that, as of March 30, 2023:

    a. The amount to pay off the Loan as of March 13, 2023 is $3,105,407.48. Interest shall continue to accrue on the Loan at the note rate of 6.99%. (Section 4, sub. A).

    b. The Loan will continue to accrue interest at 6.99% with other charges accruing only if there is a Loan default going forward. (Section 4, sub. A).

    c. On or after June I, 2023, RMF shall be allowed to record a new Notice of Default and Election to Sell the Property ("New NOD"), due Loan Maturity. Plaintiff shall be allowed to charge default interest rate on the Loan, from the Loan Maturity Date, due to the Loan Maturity and increased risks due to Loan Maturity and the prior defaults on the Loan and the parties have negotiated and agreed to this. (Section 4, sub. F).

    d. In the event that any party breaches any provision of this Agreement (including but not limited to filing suit on any released claim under this Agreement), that party shall pay all costs and expenses, including reasonable attorney's fees. incurred by the od1er party as a result of the breach or as a result of having to enforce this Agreement. (Section 6, sub. 2).

25. Plaintiffs and RMF also agreed to certain terms related to paying off the loan.

26. Following the parties, agreement, the Alameda Case was dismissed.

27. On April 10, 2023, the Plaintiffs and RMF entered into a Stipulation for Entry of Order After Breach of Settlement Agreement, Dismissing Case With Prejudice, and Allowing Court to Retain Jurisdiction (the "April Agreement") wherein the parties agreed:

    a. Each and every term and condition of the Agreement, and the defined terms in the Agreement were incorporated by reference. (Section 1).

    b. Plaintiffs had until May 5, 2023, to submit to Defendant, a cashier's check, or to affect a wire transfer of the payment ("Payment") of $105,898.50, that was due on March 31, 2023. (Section 4, sub. A).

    c. If Plaintiffs failed to pay the sums, Plaintiffs shall be required to pay the sums specified in the "New NOD", as specified in Paragraph F of the Agreement. (Section 4, sub. A).

28. Unfortunately, Plaintiffs were unable to meet certain high dollar monetary demands. Therefore, the Property was placed back in foreclosure.

29. On May 16, 2023, Defendants caused to be recorded a Notice of Default, pursuant to which Defendants contended Plaintiffs were in default on the loan in the amount of $3,252,500.53 as of May 11, 2023.

30. On August 22, 2023, Defendants caused to be recorded a Notice of Trustee's Sale for the Property, pursuant to which Defendants contended Plaintiffs owed "$3,540,197.45 (Estimated)" on the loan.

31. On September 27, 2023, Defendants caused to be recorded a Notice of Trustee's Sale for the Property, pursuant to which Defendants contended Plaintiffs owed "$3,595,939.03 (Estimated)" on the loan.

32. On December 23, 2023, Defendants sent Plaintiffs an Updated Payoff Statement that included a Declaration of Amount Due, pursuant to which, Defendants contended Plaintiffs owed $3,711,807.99 on the loan. This amount included interest charges totaling $553,035.60 and $35,711.45 in foreclosure fees.

33. Plaintiffs are informed and believe that Defendant is charging default interest to the loan prior to the loan maturity date, in violation of the parties' agreement. In addition, Plaintiffs contend that charging $35,711.45 is excessive and an attempt to hide unauthorized charges into the payoff.

34. Plaintiffs' Property is now scheduled for foreclosure sale on December 22, 2023. This lawsuit follows.

**FIRST CAUSE OF ACTION**
**Violation of Fair Debt Collections Practices Act**
(Against all Defendants)

35. Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they were fully set forth herein.

36. Pursuant to 15 U.S.C. § 1692a(6), Defendant MLS is a debt collector because it regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another.

1  Defendant MLS has made, and continues to make, collection demands on behalf of Defendant
2  RMS. Plaintiff is informed and believe that, Defendant MLS is a debt collector pursuant to the
3  Fair Debt Collection Practices Act.

37. The Fair Debt Collection Practices Act provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any, including use of a false representation of the character, amount, or legal status of any debt. See 15 U.S.C. § 1692e(2).

38. The FDCPA outlaws the following collection practices: making a false representation about the character, amount, or legal status of a debt (15 U.S.C. § 1692e(A)(2)), threatening to take action that cannot be legally taken (15 U.S.C. § 1692e(A)(5)), using a false representation to attempt to collect the debt (15 U.S.C. § 1692e(A)(10); and attempting to collect an amount not expressly authorized by the loan agreement (15 U.S.C. § 1692f(1)).

39. On or about December 12, 2023, Defendant MLS violated these provisions by misstating the amount that could legally be collected under the parties' agreement and by law.

40. Specifically, on or about December 12, 2023 Defendant MLS sent Plaintiffs a payoff demand that includes default interest from prior to loan maturity.

41. Defendant RMF is liable as the principal for its agent MLS's unfair debt collection practices.

42. Pursuant to 15 U.S.C. § 1692k, Defendants are liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court. (Civ. Code § 1788.30; 15 U.S.C. § 1692k(a).)

43. Pursuant to Cal. Civ. Code § 1788.30, Defendants are liable for actual damages, civil penalties, attorney's fees, and costs of court.

**SECOND CAUSE OF ACTION**
**Breach of Contract**
(Against Defendant RMF)

44. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein

45. Plaintiffs allege that Defendant's conduct, as alleged herein, is a breach of contract.

46. In the case at hand, as set forth in the Agreement, Defendant agreed that the amount to pay off the Loan as of March 13, 2023 was $3,105,407.48, that interest would continue to accrue on the loan at the note rate of 6.99%, and that default interest would only be applied to the loan from the Loan Maturity Date.

47. No conditions existed which would have prevented Defendant from complying with the terms of the Agreement.

48. Despite this fact, and in breach of the Agreement, Defendant is charging default interest to the loan from a date prior to the loan maturity date.

49. Plaintiffs now face the imminent loss of the Property to foreclosure for an amount with substantially increased interest and fees charged to the loan in violation of the Agreement.

50. Plaintiffs seek actual damages, injunctive relief, and attorney's fees

### THIRD CAUSE OF ACTION
**Specific Performance**
(Against Defendant RMF)

51. Plaintiffs incorporate all allegations of this complaint and re-allege them as they were fully set forth herein.

52. Specific performance of a contract may be decreed whenever: (1) its terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies; and (5) plaintiff's legal remedy is inadequate. Cal. Civ. Code § 3390(5).

53. In or around March 2023 and subsequently April 2023, Defendant agreed that the amount to pay off the Loan as of March 13, 2023 was $3,105,407.48, that interest would continue to accrue on the loan at the note rate of 6.99%, and that default interest would only be applied to the loan from the Loan Maturity Date. In addition, the parties agreed that Defendant would only be permitted to charge default interest beginning at Loan Maturity.

54. In April 2023, the parties agreed that each and every term and condition of the Agreement, were incorporated into the April Agreement, Plaintiffs had until May 5, 2023, to submit payment of $105,898.50, that was due on March 31, 2023, and if Plaintiffs failed to pay the sums,

Plaintiffs would be required to pay the sums specified in the "New NOD", as specified in Paragraph F of the Agreement. (Section 4, sub. A)

55. Plaintiffs seek to enforce these contractual provisions.

56. The consideration for the Agreement was adequate, as Plaintiffs dismissed their legal claims against RMF in consideration thereof.

57. There is mutuality of remedy because a court of equity would enforce the provision against Plaintiffs and Defendant alike.

58. Plaintiffs' legal remedies are inadequate, given the equity in Plaintiffs' Property, uniqueness of the real property at hand, and fact that Plaintiffs reside in the Property as their principal residence.

59. Likewise, Plaintiffs' right of reinstatement under California law is implicated since the reinstatement amount demanded for their property is based on an improper demand and includes improperly demanded interest.

60. Accordingly, as an alternative form of relief, Plaintiffs seek specific performance of the April 2023 Agreement and attorney's fees. Likewise, Plaintiffs request that their loan account be adjusted to reflect the terms of the Agreement.

### FOURTH CAUSE OF ACTION
### Violation of Civil Code § 2924c-d
(Against Defendant RMF)

61. Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they were fully set forth herein.

62. Defendant's conduct, as alleged above, is a violation of Civil Code § 2924c-d.

63. California Civil Code §§ 2924c(d) and 2924d(a) provide that, commencing with the date that the notice of sale is deposited in the mail, as provided in Section 2924b, and until the property is sold pursuant to the power of sale contained in the mortgage or deed of trust, a beneficiary or mortgagee may demand and receive trustee's or attorney's fees, as limited by those sections.

64. Pursuant to California Civil Code § 2924c, whenever an obligation secured by a deed of trust or mortgage on real property has become due or been declared due by reason of default, the trustor or mortgagor or his or her successor in interest in the mortgaged or trust property or any part thereof may pay to the beneficiary or the mortgagee the entire amount due and thereby cure the default existing and thereby discontinue foreclosure proceedings initiated under the deed of trust or mortgage as if the acceleration had not occurred. See Cal. Civ. Code 2924c(a)(1)

65. California Civil Code § 2924c(a)(1) delineates the categories of charges a beneficiary can impose as a condition of loan reinstatement. Specifically, a beneficiary or its agent may only charge the following as a condition of reinstatement:

    (A) all amounts under the deed of trust then due under the deed of trust

    (B) all amounts in default on recurring obligations not shown in the notice of default, and

    (C) all reasonable costs and expenses which are actually incurred in enforcing the terms of the obligation, deed of trust, or mortgage, and

    (D) trustee's or attorney's fees, subject to subdivision (d), other than the portion of principal as would not then be due had no default occurred.

66. Pursuant to California Civil Code § 2924d(a), a beneficiary or its agent may demand as a condition of reinstatement or payoff, to the extent allowed by subdivision (c) of Section 2924c, costs which are actually incurred in enforcing the terms of the obligation and trustee's or attorney's fees as set forth therein.

67. In the case at hand, in November 2023 Defendants violated Civil Codes § 2924c-d by demanding default improper default interest from prior to loan maturity.

68. California law specifically limits the amounts that can be demanded to reinstate a loan as part of a nonjudicial foreclosure. Nonetheless, Defendant has violated these provisions.

69. Despite these facts and with full knowledge of the disputed default, Defendant continued the foreclosure action on Plaintiff's Property premised on an inaccurate default and after having made inflated demands which violated Civil Code § 2924c.

70. Plaintiffs are informed and believe that based on the foregoing, the amount demanded for the loan is grossly inflated and includes a demand for payment of items not permitted by Civil Code § 2924c-d.

71. Defendant's conduct has resulted in various harms including, but not limited to, fees charged to the loan at issue, and attorney's fees.

### FIFTH CAUSE OF ACTION
**Promissory Estoppel**
(Defendant RMF)

72. Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they were fully set forth herein.

73. Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance.

74. Defendant RMF clearly and unambiguously advised Plaintiffs that the loan payoff as of March 13, 2023 was $3,105,407.48 and that if Plaintiffs dismissed their lawsuit against RMF, interest would continue to accrue on the loan at the note rate of 6.99% and default interest would only be applied to the loan from the Loan Maturity.

75. Plaintiffs actually relied on this representation by dismissing their lawsuit against Defendant RMF.

76. This reliance was reasonable because, given the nature of the conversations being through counsel.

77. Plaintiffs were injured by the estoppel since, by dismissing their legal claims with prejudice, Plaintiffs are now estopped from bringing those claims. In addition, Defendant RMF is reneging on its promise and foreclosing on Plaintiffs' Property for amounts in contravention of its promises to Plaintiffs.

78. As a result of Defendant's conduct, Plaintiffs have suffered and continues to suffer actual damages including, but not limited to, the loss of their legal claims, the imminent loss of their Property, loss of money including but not limited to losses through overcharges, incurred

attorneys' fees, and other damages, according to proof at trial but within the jurisdiction of this Court.

## SIXTH CAUSE OF ACTION
**Unfair Competition**
**Violation of Business and Professions Code Section 17200 et seq.**
(Against All Defendants)

79. Plaintiffs incorporate all allegations of this complaint and re-alleges them as though they were fully set forth herein.

80. Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

81. Specifically, Defendant's violations of the California Civil Code and common law constitute unfair business practices in violation of California Business and Professions Code § 17200 et seq.

   a. Defendant's violation of Civil Code § 2924c-d constitutes unlawful business practices, as defined in the California Business and Professions Code § 17200.

   b. Defendant's violation of Civil Code 1788.13 constitutes unlawful business practices, as defined in the California Business and Professions Code § 17200.

82. In addition, Defendant's conduct constitute unfair business practices, as defined in the California Business and Professions Code § 17200. The unfair prong of the UCL makes unlawful practices that violate legislatively stated public policy. It also prohibits practices that are immoral, unethical, oppressive. As set forth herein, Defendants' conduct also constitutes u unfair business practices, as defined in the California Business and Professions Code § 17200, pursuant to the unfair prong.

83. As a result of Defendant's wrongful conduct, Plaintiffs have suffered various injuries according to proof at trial, including but not limited to the loss of their legal claims and imminent loss of their home.

84. Likewise, Plaintiffs were injured and suffered actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, and severe emotional distress, according to proof at trial but within the jurisdiction of this Court.

85. Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

86. Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs MAHESWARA LINGAREDDY AND SILPA C. PATANATI, individually and as trustees of THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016 and THE LINGAREDDY FAMILY TRUST, DATED DECEMBER 9, 2016 demand a trial by jury. Plaintiffs pray for judgment against Defendant as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them, from collecting on the subject loan until the amount of the loan is determined and from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory damages, special damages, damages for emotional distress, attorneys' fees, and costs according to proof at trial;

6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

7. For such other and further relief as the Court may deem just and proper.

[END OF PAGE INTENTIONALLY LEFT BLANK]

DATED: December 15, 2023    Respectfully submitted,

SHAPERO LAW FIRM, PC


  /s/ Sarah Shapero
Sarah Shapero
Attorney for Plaintiffs
MAHESWARA LINGAREDDY;
SILPA C. PATANATI; and
LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016