1  SCHEER LAW GROUP, LLP
   SPENCER P. SCHEER #107750
2  TIMOTHY J. SILVERMAN #145264
   REILLY D. WILKINSON # 250086
3  155 N. Redwood Drive, Suite 100
   San Rafael, CA  94903
4  Telephone:  (415) 491-8900
   Facsimile:  (415) 491-8910
5  R.650-050S

6  Attorneys for Defendants,
   Rubicon Mortgage Fund, LLC;
7  Mortgage Lender Services, Inc.

8
                    **UNITED STATES DISTRICT COURT**
9
                  **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  MAHESWARA LINGAREDDY AND SILPA      Case No. 4:23-cv-06467
    C. PATANATI, individually and as TRUSTEES
13  OF THE LINGAREDDY FAMILY TRUST
    DATED DECEMBER 9, 2016; LINGAREDDY  **REQUEST FOR JUDICIAL NOTICE**
14  FAMILY TRUST DATED DECEMBER 9,
    2016,
15                                       Hearing Date:
                                         Time:
16              Plaintiffs,              Dept:
                                         Judge: Hon James Donato
17       vs.

18  RUBICON MORTGAGE FUND, LLC;
    MORTGAGE LENDER SERVICES, INC. and
19  DOES 1 through 10, inclusive,

20              Defendant(s).

21

22
            Defendants Rubicon Mortgage Fund, LLC, and Mortgage Lender Services, Inc.
23
    ("DEFENDANTS"), hereby request the Court take judicial notice of the following documents
24
    pursuant to *Federal Rule of Evidence* 201 in support of Defendant's Opposition to Motion for a
25
    Temporary Restraining Order to Restrain a Trustee's Sale.
26
            Exhibit A: Order Approving Stipulation for Entry of Order After Breach of Settlement
27
    Agreement, and Dismissing Case With Prejudice, and Allowing Court to Retain Jurisdiction
28
                              REQUEST FOR JUDICIAL NOTICE
                                          1

Exhibit B: Notice of Default, County of Alameda Recording No. 2023055244, recorded on May 16, 2023.

Exhibit C:  Order and Notice of Dismissal for Failure to Comply, regarding Maheswara Lingarredy's Bankruptcy Case #23-40241 WJL 13.

Exhibit D: Order Vacating Automatic Stay, regarding Maheswara Lingarredy's Bankruptcy Case #23-40241 WJL 13.

Date: December 21, 2023                              SCHEER LAW GROUP, LLP


                                                     /s/ Spencer P. Scheer
                                                     Attorney for Defendant

REQUEST FOR JUDICIAL NOTICE
2

# EXHIBIT "A"

1   SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
2   TIMOTHY J. SILVERMAN #145264
    ERFAN S. SHARIAT #320330
3   155 N. Redwood Drive, Suite 100
    San Rafael, CA  94903
4   Telephone:  (415) 491-8900
    Facsimile:  (415) 491-8910
5   R.650-050S

**FILED**
Superior Court of California
County of Alameda
04/13/2023
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
       S. Gould

6   Attorneys for Defendants Rubicon Mortgage Fund, LLC and
7   Mortgage Lender Services, Inc.

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                 **COUNTY OF ALAMEDA**

| | |
|---|---|
| MAHESWARA LINGAREDDY and SILPA C. PAKANATI; | Case No.: 23CV028599 |
| Plaintiff, | **ORDER APPROVING STIPULATION FOR ENTRY OF ORDER AFTER BREACH OF SETTLEMENT AGREEMENT, AND DISMISSING CASE WITH PREJUDICE, AND ALLOWING COURT TO RETAIN JURISIDICTION.** |
| vs. | |
| MORTGAGE LENDER SERVICES INC., RUBICON MORTGAGE FUND, LLC and DOES 1 through 10, inclusive, | |
| Defendants. | |

      The Court after having reviewed the terms and conditions contained in Stipulation For

Entry of Order After Breach of Settlement Agreement ("**Stipulation**"), a copy of which is

attached hereto as Exhibit "A", and there being Good Cause shown for entry of the Stipulation as

an Order of this Court , and to dismiss this case with prejudice, makes the following the order of

this Court:

//

//

ORDER RE SETTLEMENT AGREEMENT AND DISMISAL         1

Electronically Received 04/12/2023 10:38 AM

1    IT IS HEREBY ORDERED THAT:

2    1.  The terms of the Stipulation are made an Order of this Court.

3    2.  This case is dismissed with prejudice

4    3.  Notwithstanding the dismissal of this case, this Court retains jurisdiction pursuant to

5        California Code of Civil Procedure §664.6 to enforce the Stipulation and any party to the

6        Stipulation may reopen this case for such purposes in the event of a breach of the

7    8    Stipulation.

9    .

10

11   Dated: _____    04/13/2023

12                                        *Rebekah Evenson*

13                                        JUDGE OF THE SUPERIOR COURT.

14                                        **Rebekah Evenson / Judge**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE SETTLEMENT AGREEMENT AND DISMISAL                 2

1   SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
2   TIMOTHY J. SILVERMAN #145264
    ERFAN S. SHARIAT #320330
3   155 N. Redwood Drive, Suite 100
    San Rafael, CA  94903
4   Telephone:  (415) 491-8900
    Facsimile:  (415) 491-8910
5   R.650-050S

6   Attorneys for Defendants Rubicon Mortgage Fund, LLC and
    Mortgage Lender Services, Inc.
7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11
    MAHESWARA LINGAREDDY and          Case No.: 23CV028599
12  SILPA C. PAKANATI;
                                       STIPULATION FOR ENTRY OF ORDER
13            Plaintiff,               AFTER BREACH OF SETTLEMENT
                                       AGREEMENT, DISMISSING CASE WITH
14       vs.                           PREJUDICE, AND ALLOWING COURT TO
                                       RETAIN JURISIDICTION.
15  MORTGAGE LENDER SERVICES INC.,
16  RUBICON MORTGAGE FUND, LLC and
    DOES 1 through 10, inclusive,
17
              Defendants.
18

19

20       This Stipulation For Entry of Order After Breach of Settlement Agreement

21  ("**Stipulation**") is entered into by and between Maheswara Lingareddy ("**Lingareddy**"), Silpa C.

22  Pakanati ("**Pakanati**"), individually,  and the Lingareddy Family Trust dated December 9, 2016

23  ("**Trust**"), jointly referred to as ("**Plaintiff**")[1] and Rubicon Mortgage Fund, LLC ("**RMF**").

24  Plaintiff and RMF are jointly referred to as the "**Parties**").

25

26  _____

27  [1] By signing this Stipulation, the Trust by its authorized representatives agrees to be bound by the terms and
    conditions of this Stipulation and that Lingareddy and Pakanati have sought relief in the Complaint filed in this
28  action that is applicable to the Loan and real property that are subject to this lawsuit and thereby are proper parties to

    STIPULATION FOR ENTRY OF ORDER RE SETTLEMENT AGREEMENT AND DISMISAL       1

# I.   RECITALS

1.   Previously, the Parties entered into the terms and conditions contained in Settlement Agreement for Dismissal of Action and Release of All Claims ("**Agreement**"), attached as **Exhibit "A"**   Each and every term and condition of the Agreement, and the defined terms in the Agreement are incorporated by reference. [2]

2.  The Agreement affected a full and complete resolution of the claims raised by Plaintiff in this case and affected mutual releases of the Parties as specified. The Parties had intended to immediately dismiss this case, with prejudice and comply with the terms and conditions of the Agreement. In accordance with the Agreement, the Parties agreed that this Court would retain jurisdiction to resolve any dispute, if there was one.

3.  Upon, entering into the Agreement, Defendant immediately reduced the amounts owing on the "Loan", allowed Plaintiff the right to submit the "Reduced Payoff Amount" per, Paragraph A, of the Stipulation, ,and rescinded its "NOTS" related to the foreclosure of Plaintiff's "Property." Defendant was in compliance with the Agreement. However, Plaintiff, defaulted under the Agreement and failed to make the required payment of $105,898.50, due on March 31, 2023[3], which was required in order for Plaintiff to obtain the right to submit the "Reduced Payoff Amount" and to pay off the Loan on or before September 17, 2023.

4.   The Parties have agreed that conditioned upon o this Court entering this Stipulation as an Order of Dismissal with all specified terms and conditions, that the Agreement will be modified to reflect the following terms.

A. Plaintiff shall have until May 5, 2023, to submit to Defendant, a cashier's check, or to affect a wire transfer of the payment ("**Payment**") of $105,898.50, that was due on March 31, 2023. The burden of proof of receipt of the payment is upon Plaintiff. If the Payment is timely

---

this Stipulation as if the Trust was named as a Plaintiff in this case.  As specified in the Settlement Agreement for Dismissal of Action and Release of All Claims, attached as Exhibit "A" to this Stipulation. byy signing this Stipulation Lingareddy and Pakanati represent and warrant that they are the duly authorized Trustees of the Trust and that no other signature or authorization is required to bind the Trust to this Stipulation.
[2] Defined Terms in the Agreement are listed in this Stipulation with quotations "".
[3] It is also acknowledged that Defendant allowed Plaintiff until April 4, 2023 to submit the payment and Plaintiff was unable to do so.

STIPULATION FOR ENTRY OF ORDER RE SETTLEMENT AGREEMENT AND DISMISAL          2

1   made, Plaintiff will retain the right to submit the "Reduced Payoff Amount", as specified in

2   Paragraph A of the Agreement, which must be received by Defendant on or before September

3   17, 2023.  If not, Plaintiff shall be required to pay the sums specified in the "New NOD", as

4   specified in Paragraph F of the Agreement.

5          B.   If Plaintiff fails to timely make the Payment, Defendants may record the New NOD

6   on or after May 8, 2023, instead of June 1, 2023, as provided in Paragraph F of the Agreement.

7          C.   The Reduced Payoff Amount is increased by $3200.00 to repay Defendant's

8   attorney's fees incurred due to the breach of the Agreement and entry of this Stipulation.

9          D.   The time for Plaintiff to file and record the expungement of lis pendens related to

10  the Property, as required in Paragraph 7 of the Agreement,  is extended to April 13, 2023.

11  5.   Plaintiff shall not be entitled to any further stay or injunction prohibiting Defendant from

12  proceeding to commence its foreclosure of the Property under the New NOD, or to complete its

13  foreclosure of the Property, from any court and for any reason (except because they fully and

14  timely performed their obligations under the Agreement and this Stipulation and paid off the

15  "Loan" and/or Defendants have violated the terms of this Agreement and Stipulation,  which

16  violation  prohibits Plaintiff's from timely paying  off the Loan).  If Plaintiffs violate this

17  provision not to seek any further stay or injunction, except as permitted above, it will be a breach

18  of this Stipulation allowing Defendants to immediately enforce this Stipulation and the

19  prohibition on Plaintiff taking such action, by obtaining exparte relief in any court in which

20  Plaintiff seeks such relief, and Plaintiff shall have waived any rights to claim otherwise. In

21  addition, and if Plaintiff does take such action, notwithstanding that they may not do so, Plaintiff

22  will be required to pay any fees incurred by Defendant to defend against any such claims or

23  requests.

24  6.  No provision of this Stipulation or any Order issued by the Court, shall be deemed an

25  "action "in violation of CCP § 726, and Defendant retains each and every right under its "Note

26  "and "Deed of Trust."

27

28

1    7. All other terms and conditions of the Agreement, to the extent not inconsistent with the

2    Stipulation shall remain in full force and effect and are not modified or waived by this

3    Stipulation.

4    8.    The parties agree that this Stipulation shall be entered as part of the Order Dismissing this

5    case with prejudice.  However, the parties further agree that subject to approval of this Court of

6    the Order Dismissing this case that this Court retains jurisdiction to enforce the provisions of the

7    Agreement and this Stipulation, as is allowed under CCP §664.6,  and pursuant to the approval

8    of this Stipulation as an Order of this Court,  and that any party to this Stipulation may reopen

9    this case for such purpose in the event of a breach of this Stipulation.

10    9.  Subject to approval of this Stipulation by this Court and dismissal of this case, no further

11    response by any Defendant is required in this action and no further appearances shall be required.

12    Counsel for Defendant may submit this Stipulation and the proposed Order to this Court.

13

14    BY SIGNING BELOW WE AGREE TO EACH AND EVERY TERM OF THIS STIPULATION

15

16    DATED: April _10_ , 2023

17

18                 The Lingareddy Family Trust dated December 9, 2016

19                 By its Authorized Trustees:

20

21                 Maheswara Lingareddy

22

23

24                 Silpa C. Pakanati

25

26    DATED: April _10_ , 2023

27

28

1

Maheswara Lingareddy, individually

2

3   DATED: April _10_, 2023

4

5                                   Silpa C. Pakanati, individually

6

7

8

9   DATED: April _10_, 2023

10

11                                  Authorized Manager of Rubicon Mortgage Fund, LLC

12

13          APPROVED AS TO FORM

14

15

16   DATED: April _10_, 2023          SCHEER LAW GROUP, LP

17

18                                   By: SPENCER P. SCHEER
19                                   Attorneys for Rubicon Mortgage Fund, LLC.

20

21   DATED: April _11_, 2023

22

23                                   THE GOODELL LAW FIRM

24                                   By: NELSON GOODELL, Attorney for Plaintiff

25

26

27

28

STIPULATION FOR ENTRY OF ORDER RE SETTLEMENT AGREEMENT AND DISMISAL          5

1

Maheswara Lingareddy, individually

2

3   DATED: April _10_, 2023

4

5   Silpa C. Pakanati, individually

6

7

8

9   DATED: April _10_, 2023

10   _____

11   Authorized Manager of Rubicon Mortgage Fund, LLC

12

13   APPROVED AS TO FORM

14

15

16   DATED: April _____, 2023          SCHEER LAW GROUP, LP

17

18   _____

19   By: SPENCER P. SCHEER
     Attorneys for Rubicon Mortgage Fund, LLC.

20

21   DATED: April _____, 2023

22   THE GOODELL LAW FIRM

23   _____

24   By:  NELSON GOODELL, Attorney for Plaintiff

25

26

27

28

STIPULATION FOR ENTRY OF ORDER RE SETTLEMENT AGREEMENT AND DISMISAL       5

# EXHIBIT "A"

**(Settlement Agreement")**

**Settlement Agreement for Dismissal of Action and Release of All Claims**

This Settlement Agreement for Dismissal of Action and Release of All Claims ("**Stipulation**" and "**Agreement**") is entered into by and between Maheswara Lingareddy ("**Lingareddy**"), Silpa C. Pakanati ("**Pakanati**"), individually, and the Lingareddy Family Trust dated December 9, 2016 ("**Trust**"), jointly referred to as ("**Plaintiff**")[1] and Rubicon Mortgage Fund, LLC ("**RMF**"). Plaintiff and RMF are jointly referred to as the "**Parties**").

## I.   RECITALS

1.   On May 17, 2021, RMF made a loan ("**Loan**")[2] to the Lingareddy Family Trust dated December 9, 2016 ("**Trust**"). The Loan is evidenced by a Promissory Note ("**Note**") dated May 17, 2021 in the original principal amount of $3,030,000.00 secured by a first Deed of Trust ("**Deed of Trust**") on the real property at 1853 Via di Salerno, Pleasanton, CA 94566. ("**Property**"). Prior to the date the Loan was made, The Trust represented to RMF that the Loan would be an investment purpose loan in order to purchase the Property for rental or resale.

2.   The Loan went into payment default, RMF commenced foreclosure proceedings against the Property, and recorded a Notice of Default ("**NOD**") against the Property on September 30, 2022. The Loan subsequently matured on December 1, 2022.  Subsequently, the Parties entered into a Forbearance Agreement on February 15, 2023 ("**Forbearance Agreement**") waiving certain Loan charges and giving Plaintiff terms and conditions to make a specified payment to allow for further forbearance from foreclosure and payoff of the Loan. Plaintiff defaulted under the Forbearance Agreement and RMF noticed a foreclosure sale of the Property. On March 3, 2023, the Trust filed bankruptcy ("**Bankruptcy**"), Case # 23,-40221, Northern District of CA,

---

[1] By signing this Stipulation, the Trust by its authorized representatives agrees to be bound by the terms and conditions of this Stipulation and that Lingareddy and Pakanati have sought relief in the Complaint filed in this action that is applicable to the Loan and real property that are subject to this lawsuit and thereby are proper parties to this Stipulation as if the Trust was named as a Plaintiff in this case. By signing this Agreement, Lingareddy and Pakanati represent and warrant that they are the duly authorized Trustees of the Trust and that no other signature or authorization is required to bind the Trust to this Stipulation.
[2] All documents executed by the Trust to affect the Loan are referred to as the "Loan Documents".

1  San Francisco Division. [3]  On March 3, 2023, Plaintiff filed the Complaint ("**Complaint**") in this

2  action.

3      3.  Plaintiff has alleged in the Complaint, Case No. 23CV028599, that the foreclosure of the

4  Property was wrongful and unlawful, that RMF had promised additional loan modification

5  rights, that the Loan was really not an investment purpose loan, but was a consumer loan and that

6  Plaintiff had rights to rescind the loan as if it was a consumer.[4] In addition, and subsequent to the

7  filing of the Complaint, Plaintiff  has asserted additional claims ("**Additional Claims**")

8  challenging RMF's rights to assert certain charges on the Loan, including but not limited to

9  default interest, late charges and extension fees and asserts that such charges are illegal and may

10  be voided and damages claimed. RMF disputes the claims raised in the Complaint and the

11  Additional Claims and asserts that the Loan was made to a Trust and not individuals, that the

12  Plaintiff represented that the Loan was for investment purposes and not consumer purposes and

13  provided written evidence that this was the intended purpose of the Loan, and that the charges on

14  the Loan were lawfully allowed on this loan and were bargained for.

15      4.  The Parties have agreed to resolve their claims and disputes and have agreed to waive and

16  release all claims which were raised or could have been raised, known or unknown, under the

17  Loan, the Note and Deed of Trust,  the Forbearance Agreement, the Complaint,  the Additional

18  Claims, the foreclosure of the Property  or the Bankruptcy ( cumulatively "**The Claims**"),  and to

19

20  [3] The Bankruptcy ws dismissed on March 20, 2023.
   [4] For clarity purposes only, and without diminishing all other waivers and releases in this Agreement, Plaintiff

21  acknowledges that the Loan to the Trust was not to a consumer but to an entity; that Plaintiffs represented orally and
   in writing to RMF prior to obtaining the Loan proceeds  that they owned other properties in the area where the

22  Property is located and that they intended  to use the Loan proceeds to  purchase the Property, and use the Property
   for investment purposes i.e. to either resell it and/ or to rent it ; and that RMF relied on such representations in

23  making the Loan . Plaintiff and each of them further confirm that these acknowledgments and admissions re the
   nature of the Loan and use of the Loan proceeds are continuing representations  are binding up Plaintiff and each of
   them,  for any and all purposes , and further confirm these acknowledgments and representations as if they are made

24  again on this date. by  signing this Agreement Accordingly, the Parties agree that the Loan is not subject to the
   California Homeowners Bill of Rights

25  Civ. Code, §§ 2923.55, 2923.3 to 2923.7, 2924.9 to 2924.12, 2924.15 ("HOBR"), for purposes of any prior actions
   taken by RMF or any further actions taken under this Agreement. .  In addition, RMF acknowledges that after the

26  inception of the Loan Plaintiff have since moved on the Property and now occupy the Property as their residence and
   did so without notice to RMF.  Notwithstanding this fact, RMF and without waiver of any other rights and

27  obligation sunder the Loan, RMF will not deem Plaintiff's occupancy of the Property to be a breach of any Loan
   Obligation or a default under the Loan.

28

STIPULATION FOR DISMISSAL AND RELEASE OF ALL CLAIMS                              2

dismiss the Complaint with prejudice in exchange for RMF's Agreements to reduce the amount owing on the Loan by removing default interest charges and to reduce other charges (resulting in a Loan principal balance of $3,030,000 as of March 13, 2023, and a Loan Payoff amount as of March 13, 2023 of $3,105,407.48), and to allow Plaintiff additional time to sell or refinance the Property and payoff the Loan.  The following shall govern the repayment of the Loan:

A. The Loan is now fully due and payable.  The amount to pay off the Loan as of March 13, 2023 is $3,105,407.48. Interest shall continue to accrue on the Loan at the note rate of 6.99%.  Plaintiff and its counsel have fully reviewed the accounting on the Loan and have agreed and confirmed that this is the amount due ("Reduced Payoff Amount") and owing on the Loan as of March 13, 2023, and that the Loan will continue to accrue interest at 6.99% with other charges accruing only if there is a Loan default going forward.

B. Upon timely execution of this Agreement and timely performance of all obligations in Paragraph C and D below, The NOD recorded by RMF will be rescinded..

C. On or before March 31, 2023, Plaintiff shall make a six-month interest reserve payment to RMF in the total amount of $105,898.50 ( Six, $17,649.75 monthly interest only payments), to pay for ongoing interest only payments due April 1, 2023-through September 1, 2023.   Provided that the Plaintiff pays the $105,898.50 by March 31, 2023, no further payments will be due on the loan until September 17, 2023. All payments are accepted by RMF without prejudice to Plaintiff's obligation to pay off the Loan due to the Loan Maturity. In the event that the Loan is paid off prior to a date when an interest payment is due, RMF shall return any excess funds in the interest reserve account to Plaintiff.

D.  On or before the execution of this Agreement and no later than March 31, 2023, Plaintiff shall provide to RMF and its counsel. a print-out of the Alameda County Recorder's Office webpage indicating that Plaintiff has fully paid all real property taxes due to the County due through December 2023 and secured by the Property.  In

addition and on or before the execution of this Agreement and no later than March 30, 2023, Plaintiff shall provide confirmation to RMF and its counsel that they have in effect insurance covering the property for the full amount of the Loan, as required under the Loan Documents. In addition, Plaintiff shall be required to maintain such insurance through the date of the payoff of the Loan. Plaintiff shall otherwise fully comply with the terms and conditions of the Loan.

E.  Plaintiff shall fully payoff the Loan, on or before September 17, 2023.  The total payoff for the loan at that time is $3,105,407.48, provided that the Plaintiff makes the payment mentioned in paragraph (C ) and there are no further defaults on the Loan, e.g. insurance lapse etc.  No further payments will be required.

F.  On or after June 1, 2023, RMF shall be allowed to record a new Notice of Default and Election to Sell the Property ("New **NOD"),** due Loan Maturity.  Plaintiff shall be allowed to charge default interest rate on the Loan, from the Loan Maturity Date, due to the Loan Maturity and increased risks due to Loan Maturity and the prior defaults on the Loan and the parties have negotiated and agreed to this.   However, notwithstanding that RMF may include such charges, if Plaintiff pays off the Loan and submits Reduced Payoff Amount specified in Paragraph A ($3,105,407.48. plus any other default charges if there is a default ),   on or before September 17, 2023, then Plaintiff shall be allowed to pay off the Loan  by Submitting the Reduced Payoff Amount  and not the amount specified in the  New NOD.  If Plaintiff does not timely submit the Reduced Payoff Amount, the amounts specified in the New NOD, as well as all other charges that occur until the foreclosure sale or Loan Payoff shall be required to pay off the Loan.   RMF further agrees that it will not affect a new Notice of Sale of the Property until after September 17, 2023, to allow time for Plaintiff to pay off the Loan as specified in Paragraph A above.

G.    The Parties have confirmed that the HOBR provisions are not applicable to the Loan (See FN 4).  Accordingly, RMF shall not be required to give Plaintiff or any of them, any further notices or advisements that may be required under the HOBR. In addition, this Agreement shall be deemed to satisfy all pre-foreclosure meeting requirements to discuss foreclosure prevention alternatives, if such requirements were applicable to the Loan. Plaintiff confirms that each of them has discussed all such HOBR requirements with its counsel and has agreed that the terms and conditions in this Agreement reflect that Plaintiff and each of them has met with RMF through its designated representative i.e. its counsel, to fully satisfy any pre-foreclosure meeting requirements and that this Agreement reflects such meetings and the Agreements reached, and Plaintiff and each of them waive any claims to the contrary.

5.    Plaintiff and RMF acknowledge and agree that as of the date this Stipulation, none of the obligations under the Loan or the obligations under this Agreement are subject to any  dispute or right of offset, defense or counterclaim of any kind or nature whatsoever that has not been fully and completely resolved by this Agreement.

**Plaintiff Release of RMF:**  Plaintiff and each of them  on behalf of themselves and their legal representatives, trustee's, heirs, officers, employees, agents  and attorneys, and their  respective successors and assigns hereby fully and forever waive, release, acquit, and discharge  RMF, and its respective officers,  managers, employees, members  legal representatives, affiliates, trustees, successor-in-interest, agents, attorneys, heirs, successors and assigns of and from any and all liabilities, claims, demands, defenses, actions, causes of action, rights (whether contingent, accrued, inchoate, or otherwise), whatsoever, of any kind and nature (collectively  described hereinbefore in this Stipulation as The Claims"), known or unknown, which Plaintiff (and each of them) may now or hereafter have against RMF  and its respective officers, officers,  managers, employees, members legal representatives, affiliates, trustees, ., agents, attorneys, heirs,  and their respective successors and assigns, existing or occurring prior to or as of the execution and delivery of this Agreement  by RMF and Plaintiff, subject to the "Exclusions From Release" specified hereafter in this Agreement.

1    **RMF Release of Plaintiff :** RMF, on behalf of itself and its respective officers, managers,

2    employees, members legal representatives, affiliates, trustees, successor-in-interest, agents,

3    attorneys, heirs, successors and assigns and each of them releases Plaintiff and each of and their

4    legal representatives, trustee's, heirs, officers, employees, agents and attorneys, and their

5    respective successors and assigns of and from any and all liabilities, claims, demands, defenses,

6    actions, causes of action, rights (whether contingent, accrued, inchoate, or otherwise), whatsoever,

7    of any kind and nature (collectively described hereinbefore in this Stipulation as The Claims"),

8    known or unknown, which RMF may now or hereafter have against Plaintiff and their respective

9    officers, officers, managers, employees, members legal representatives, affiliates, trustees. , agents,

10   attorneys, heirs, and their respective successors and assigns, existing or occurring prior to or as of

11   the execution and delivery of this Agreement by RMF and Plaintiff, subject to the "Exclusions

12   From Release" specified hereafter in this Agreement..

13     In accordance with the releases specified above RMF and Plaintiff and each of them also hereby

14   waive the provisions of CCP § 1542.

15

16        Section 1542 Waiver

17     With respect to the matters released herein, RMF and Plaintiff and each of them expressly

18   waive any and all rights they may have under Section 1542 of the Civil Code of the State of California, which provides as follows:

19        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

20        WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
            EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTION

21        OF THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
            MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH

22        THE DEBTOR.

23        RMF and Plaintiffs and each of them herein acknowledge that they are aware that

24   they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or

25   different from those that are known or believed to be true, as to the matters released herein.

26   Nevertheless, it is the intention of RMF and Plaintiff and each of them herein, through this

27

28

        STIPULATION FOR DISMISSAL AND RELEASE OF ALL CLAIMS      6

Agreement , to fully, finally and forever release all such matters and all claims related thereto that

do now exist, may exist, or heretofore have existed (subject to the limitations set forth hereinafter in

the Section entitled "Exclusions From Release"). In furtherance of such intention, the release herein

given shall be and remain in effect as a full and complete release of such matters, notwithstanding

the discovery or existence of any such matters, notwithstanding the discovery or existence of any

such additional or different claims or facts related thereto by the parties hereto. In entering into this

Agreement, the parties herein do not rely on any statement, representation or promise of any other

party, except as expressly stated in this Agreement.

**EXCLUSIONS FROM RELEASE**: The aforesaid release shall not release Plaintiff from any

obligations under this Agreement or the Loan, or RMF from any obligations under this Agreement.

6. **MISCELLANEOUS**-

1. Integration and Law. This Agreement (along with the Loan Documents contains the entire agreement between the parties, and its terms are contractual and not a mere recital. This Agreement is intended to supersede all prior agreements between the parties. This Agreement may not be modified except by a writing signed by all parties. This Agreement shall be construed and enforced according to the laws of the State of California.

2. Attorney's Fees. The parties will bear their own attorney's fees and costs in this action. In the event that any party breaches any provision of this Agreement (including but not limited to filing suit on any released claim under this Agreement), that party shall pay all costs and expenses, including reasonable attorney's fees, incurred by the other party as a result of the breach or as a result of having to enforce this Agreement.

3. Presumption of Drafting. No Admission of Liability. This Agreement was drafted with the cooperation of the Parties and their counsel and in the event that there is any ambiguity in any provision thereof, said ambiguity shall not be construed against one party over the other. All parties have had the right to have this agreement reviewed by counsel of their own choosing. It is further confirmed by the Parties that no provision of this Agreement is an admission of liability by any party and that this Agreement and the release given herein was given in comprise of disputed claims.

4. Interpretation and Severability. It is agreed that if any provision of this Agreement or the application of any provision to any person or any circumstance shall be determined to be invalid or unenforceable, such determination shall not affect any other provisions of this Agreement or the application of such provision to any other person or circumstance, all of which other provisions shall remain in full force and effect. It is the

1   intention of the Parties that if any provision of this Agreement is capable of two constructions
    one of which would render the provision valid, the provision shall have the meaning which
2   renders it valid.  This Agreement represents the result of negotiations between the parties, each
    of which has had the opportunity to be represented by counsel of their own selection, and neither
3   of which has acted under duress or compulsion, whether legal, economic or otherwise.

4

5           5.      Counterpart.  This Agreement may be signed in counterpart.

6           6.      Stipulated Agreement.  This Agreement constitutes a stipulation in writing
    as defined in California Code of Civil Procedure Section 664.6 which provides "[i]f parties to
7   pending litigation stipulate, in writing or orally before the court, for settlement of the case, or
    part thereof, the court, upon motion, may enter judgment pursuant to the terms of the
8   settlement."  The prevailing party in any such motion or action will be entitled to their attorney's
    fees and costs.

9           7.      Dismissal and Withdrawal of Lis Pendens:  Assuming timely execution
10  and delivery of this Agreement, as provided below in Paragraph 8, the Parties will file
    Stipulation for a Dismissal of the Complaint, with Prejudice ("Application") forthwith after all
11  parties have executed this agreement, which shall occur on or before April 7, 2023, as specified
    below in Paragraph 8. It shall be the obligation and responsibility of Plaintiff and their counsel to
12  timely file the Application and attempt to have the dismissal entered as specified in this
    Paragraph 7.  The Application shall contain a proposed Order of Dismissal, which shall provide
13  at a minimum the following;

14
            "The Court having reviewed Plaintiff's request for dismissal of the Complaint filed
15          in this case and having determined that the Plaintiff and Defendants have settled this
            matter in accordance with a Stipulation ("Stipulation") in writing subject to
16          California Code of Civil Procedure 664.6, and there being Good Cause shown,
            hereby makes the following Order:
17
18          1. This Complaint filed by Plaintiff is dismissed with prejudice against all
            Defendants.
19
            2.  This Court reserves jurisdiction to enforce the settlement and performance of the
20          Stipulation in full any party to the Stipulation may reopen this this case for such
            purposes in the event of a breach of the Stipulation".
21

22  In addition to filing the Application, Plaintiff shall forthwith after execution of this Agreement, file
    a notice of withdrawal of the lis pendens recorded against the Property.  Said notice of withdrawal
23  shall also be filed by April 7, 2023.

24          8.  Date this Agreement Must be Signed and Returned to Counsel: This
    Agreement shall be executed by the Parties and approved as to form by their counsel and copies
25  delivered to Counsel for all parties on or before close of business on March 30, 2023 or, it shall be
    unenforceable and confer no rights or obligations on any of the parties. If the Agreement is executed
26  by the Parties and delivered to all Counsel on or before close of business on March 30, 2023, then
    each every term of this Agreement shall be deemed in effect and enforceable as of that date.
27

28


STIPULATION FOR DISMISSAL AND RELEASE OF ALL CLAIMS                                    8

**BY SIGNING BELOW WE AGREE TO EACH AND EVERY TERM OF THIS AGREEMENT**

DATED: March _30_, 2023

The Lingareddy Family Trust dated December 9, 2016

By its Authorized Trustees:

_____
Maheswara Lingareddy

_____
Silpa C. Pakanati

DATED: March _30_, 2023

_____
Maheswara Lingareddy, individually

DATED: March _30_, 2023

_____
Silpa C. Pakanati, individually

DATED: March ____, 2023

_____
Authorized Manager of Rubicon Mortgage Fund, LLC

STIPULATION FOR DISMISSAL AND RELEASE OF ALL CLAIMS                    9

APPROVED AS TO FORM

DATED: March ___, 2023          SCHEER LAW GROUP, LP


                                _____
                                By: SPENCER P. SCHEER
                                Attorneys for Rubicon Mortgage Fund, LLC.

DATED: March __30__, 2023


                                LAW OFFICES OF NELSON GOODELL

                                _____
                                By:  NELSON GOODELL, Attorney for Plaintiff

STIPULATION FOR DISMISSAL AND RELEASE OF ALL CLAIMS                    10

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/14/2023<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: *Stefanie Gould* Deputy<br>S. Gould |
| PLAINTIFF/PETITIONER:<br>Maheswara Lingareddy  et al | |
| DEFENDANT/RESPONDENT:<br>Mortgage Lender Services, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV028599 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Hayward, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Nelson Wilson Goodell
The Goodell Law Firm
27 Maiden Lane, Suite 600
San Francisco, CA 94108


Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/14/2023                    By:

*Stefanie Gould*

S. Gould, Deputy Clerk


**CERTIFICATE OF MAILING**

# EXHIBIT "B"

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO**

**MORTGAGE LENDER SERVICES, INC.**
**7844 Madison Ave., Suite 145**
**Fair Oaks, CA 95628**

2023055244        05/16/2023 10:27 AM        4 PGS
OFFICIAL RECORDS OF ALAMEDA COUNTY
MELISSA WILK, CLERK-RECORDER
RECORDING FEES: $108.00



**ELECTRONICALLY RECORDED**

---

Space above this line for recorder's use only

Trustee Sale No.: 132094-1   Loan No.: LIN002F   Title Order No. 0125002198   APN 950-0017-090

## NOTICE OF DEFAULT ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED*
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $3,252,500.53  as of 5/11/2023 and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

1

**Trustee Sale No.: 132094-1      Loan No.: LIN002F     Title Order No. 0125002198**

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: Rubicon Mortgage Fund, LLC c/o MORTGAGE LENDER SERVICES, INC., 7844 Madison Ave., Suite 145, Fair Oaks, CA 95628, (916) 962-3453

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: MORTGAGE LENDER SERVICES, INC. is either the original Trustee, the duly appointed Trustee, substituted Trustee or acting as agent for the trustee or beneficiary under a Deed of Trust dated 05/17/2021, executed by MAHESWARA LINGAREDDY AND SILPA C. PAKANATI, AS TRUSTEES OF THE LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016, as trustor, to secure obligations in favor of Beneficiary recorded on 05/24/2021 as Document No. 2021194399 of official records in the Office of the Recorder of Alameda County, California, describing land therein: as more fully described on said Deed of Trust; including the note(s) for the sum of $3,030,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE UNPAID PRINCIPAL BALANCE OF $3,030,000.00 WHICH BECAME DUE ON 12-01-2022 PLUS ACCRUED INTEREST, LATE CHARGES, ADVANCES, ATTORNEY FEES AND FORECLOSURE FEES. FAILURE TO PAY DELINQUENT PROPERTY TAXES.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Trustee Sale No.: 132094-1    Loan No.: LIN002F    Title Order No. 0125002198**

A declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

DATE: <u>May 11, 2023</u>

**MORTGAGE LENDER SERVICES, INC.**

*Marsha Townsend*

**Marsha Townsend, Chief Financial Officer**

**<u>MORTGAGE LENDER SERVICES, INC. MAY BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>**

# Declaration of Beneficiary Pursuant to
# Civil Code §2923.5(b)

Borrower(s):        **MAHESWARA LINGAREDDY AND SILPA C. PAKANATI, AS
TRUSTEES OF THE LINGAREDDY FAMILY TRUST DATED DECEMBER 9, 2016**
Beneficiary:        **Rubicon Mortgage Fund, LLC**
Property Address:   **1853 VIA DI SALERNO, PLEASANTON, CA 94566**
T.S. No.:           **132094-1**

The undersigned beneficiary or authorized agent for the beneficiary declares that:

1.  [ X ]  The beneficiary has contacted the borrower pursuant to California Civil Code § 2923.5(a)(2) "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2.  [   ]  Despite the exercise of due diligence pursuant to California Civil Code § 2923.5(e), the beneficiary has been unable to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3.  [   ]  No contact was required by the beneficiary because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4.  [   ]  The requirements of Cal. Civil Code § 2923.5 do not apply because the borrower, mortgage/deed of trust or real property does not meet the criteria described in Civil Code § 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the beneficiary has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

**Rubicon Mortgage Fund, LLC, Beneficiary**

Dated: 5/11/2023

By: Vance Hillstrom
Title: CEO of Manager

# EXHIBIT "C"

Form NDC

**UNITED STATES BANKRUPTCY COURT**
**California Northern Bankruptcy Court**

| | | |
|---|---|---|
| In Re: | Maheswara Lingareddy | Case No.: 23–40241 WJL 13 |
| | Debtor(s) | Chapter:  13 |

**ORDER AND NOTICE OF DISMISSAL**
**FOR FAILURE TO COMPLY**

   **Notice is hereby given** that the debtor(s) failed to comply with this court's Order to File Required Documents and Notice of Automatic Dismissal , filed on 3/3/2023 . Therefore, it is ordered that this case be **dismissed**.

Dated: <u>3/20/23</u>

By the Court:

William J. Lafferty
United States Bankruptcy Judge

# EXHIBIT "D"

1   SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
2   JOSHUA L. SCHEER #242722
    REILLY D. WILKINSON #250086
3   155 N. Redwood Drive, Suite 100
    San Rafael, CA  94903
4   Telephone:  (415) 491-8900
    Facsimile:  (415) 491-8910
5   R.650-050S-B

6   Attorneys for Secured Creditor
    Rubicon Mortgage Fund, LLC
7

8                   UNITED STATES BANKRUPTCY COURT FOR

9                   THE NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11  In re:                                Bk. No. 23-41405-WJL

12  Silpa C Pakanati,                     R.S. No. SPS-111

13  aka Silpa C Pakanati                  Chapter 13

14  aka Silpa Pakanati,                   **ORDER VACATING AUTOMATIC STAY**

15          Debtor.                       Hearing-
                                          Date: December 20, 2023
16                                        Time: 9:30 AM
                                          Place: Bankruptcy Court
17                                              1300 Clay Street
                                                Courtroom 220
18                                              Oakland, CA 94612

19

20

21

22          The hearing on Rubicon Mortgage Fund, LLC (**"RMF"**) motion for relief from

23  the Automatic Stay was scheduled for hearing on December 20, 2023, at 9:30 AM before the

24  Honorable William J. Lafferty, United States Bankruptcy Judge.  RMF appeared through

25  counsel, Spencer P. Scheer of SCHEER LAW GROUP, LLP. The Debtor appeared in pro per.

26  All other appearances were read into the record. The Court, having reviewed the papers

27  submitted by the parties, after hearing oral argument, and for the reasons stated on the record, the

28  Court finding good and sufficient cause, issues the following Order:

                                          1

IT IS ORDERED that the Automatic Stay in the above entitled proceeding is immediately vacated and extinguished to allow RMF to commence or complete its non-judicial foreclosure pursuant to all existing defaults, including any pre-petition defaults specified under any existing foreclosure, thereafter take possession of the real property located at **1853 Via di Salerno, Pleasanton, CA 94566,** which is legally described in the Deed of Trust attached to RMF's motion for relief from automatic stay filed in this matter ("Property") and seek and collect any damages ordered by a Court for the wrongful retention of the Property.  RMF shall not be required to wait any additional time to hold its foreclosure sale, as may be required pursuant to Civil Code §2924(g)(d), or Bankruptcy Rule of Procedure 4001(a)(3).

IT IS FURTHER ORDERED that the Automatic Stay as it pertains to RMF's interest in the subject real Property shall be and is hereby terminated and vacated for all purposes, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.  RMF shall not be required to wait any additional time to proceed with its foreclosure, the provisions of Civil Code §2924g(d) and Federal Rule of Bankruptcy Procedure 4001(a)(3), being hereby waived.

IT IS FURTHER ORDERED that the automatic stay of 11 U.S.C. 362 is vacated to allow RMF to take all actions to finalize and resolve the complaint filed by Debtor and her husband and their trust against RMF, case #4:23-cv-06467 filed in the United States District Court, Northern District of California.

IT IS FURTHER ORDERED that the Co-Debtor Automatic Stay of 11 U.S.C. §1301 as it pertains to the Co-Debtor's interest in the subject real property shall be and is hereby terminated and vacated for all purposes.

**END OF ORDER**

## **COURT SERVICE LIST**

Silpa C Pakanati
1853 Via Di Salerno
Pleasanton, CA 94566


Maheswara Lingareddy
1853 Via Di Salerno
Pleasanton, CA 94566