UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHESWARA LINGAREDDY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUBICON MORTGAGE FUND, LLC, et al.,<br><br>    Defendants. | Case No. 3:23-cv-06467-JD<br><br>**ORDER RE EX PARTE APPLICATION FOR TRO** |

Plaintiffs are homeowners who have applied for a temporary restraining order to stop foreclosure proceedings slated to begin December 22, 2023, on their residence at 1853 Via Di Salerno, Pleasanton, CA 94566. Dkt. No. 9. The original amount of the loan secured by the residence was $3,030,000.00, Dkt. No. 1 ¶ 20, and the current amount due is $3,711,807.99, *id.* ¶ 32. Plaintiffs styled the application "ex parte", but defendant Rubicon Mortgage Fund, LLC (RMF) filed an opposition. Dkt. No. 11. A TRO is denied.

The reasons for the denial are straightforward. Although plaintiffs unduly muddied the waters by seeking to obtain ex parte relief despite their long-running dealings with a known defendant, namely RMF, the opposition to the TRO application indicates that notice was received, and so the application is evaluated under the standards for a preliminary injunction motion. *See Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-6071-JD, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 Fed. App'x. 561 (9th Cir. 2017). The Court has written extensively on these standards, and incorporates those discussions here. *See Your Town Online, Inc., v. All Tribal Networks,* LLC, Case No. 21-cv-044412-JD, 2021 WL 2984138, at *1 (N.D. Cal. July 9, 2021). In pertinent summary, the Supreme Court has emphasized that injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*,

555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20). Alternatively, a preliminary injunction may issue where "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," if the plaintiff "also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135. This reflects our circuit's "sliding scale" approach, in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131; *see also Arc of California v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014).

In all cases, at an "irreducible minimum," the party seeking an injunction "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (internal quotation and citation omitted); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("The first factor under *Winter* is the most important -- likely success on the merits."). Because of this importance, when "a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements]." *Id.* (internal quotations and citations omitted).

Plaintiffs have not demonstrated a good reason for the extraordinary relief of an injunction. To start, plaintiffs have not explained why they waited until this late date to apply for relief. Plaintiffs own filings indicate that the foreclosure dispute relates to a loan plaintiffs obtained in May 2021 from defendant RMF and serviced by Mortgage Lender Services, Inc. Dkt. No. 1 ¶¶ 20, 36; No. 9-1 at 2. The parties have been dealing with a dispute over the mortgage balance and interest rate for most of 2023, which has included litigation in the Superior Court of Alameda County, Dkt. No. 1 ¶ 22, and a subsequent settlement and dismissal in March 2023, *id.* ¶ 23. Plaintiffs indicate that the settlement fell through for some reason in April 2023, which resulted in defendants "actively foreclosing" on plaintiffs' residence in May 2023. Dkt. No. 9-1 at 3. This

activity included the recording of notices of default against the property in May 2023, and notices of a trustees' sale of the property in August and September 2023. Dkt. No. 1 ¶¶ 29-31; No. 9-1 at 3.

In effect, plaintiffs have known since September 2023 that foreclosure proceedings were underway. For unexplained reasons, they waited until December 15, 2023, to file a complaint, and until December 20, 2023, to apply for a TRO. RMF attributes the delay to proceedings in the Bankruptcy Court, which concluded in RMF's favor on December 20, 2023, Dkt. No. 11 at 8-9, and suggests plaintiffs are "skip[ping] from court to court" in the hope of a different outcome. *Id.* at 11. In any event, plaintiffs' undue delay sharply undercuts the likelihood that they face imminent injury that warrants extraordinary relief. *See Anonomatic Inc. v. Skyflow Inc.*, No. 22-cv-01469-JD, 2023 WL 149054, at *2 (N.D. Cal. Jan. 10, 2023); *Linton v. Becerra*, No. 18-cv-07653-JD, 2020 WL 2614870, at *3 (N.D. Cal. May 21, 2020); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984).

The Court shares RMF's concern that plaintiffs appear to be engaged in forum shopping. It is entirely unclear why plaintiffs abruptly filed a new federal lawsuit rather than return to the state court where the parties litigated the mortgage dispute, and where a settlement agreement was signed. This is all the more concerning in light of RMF's representation that the state court expressly reserved jurisdiction over disputes related to the settlement agreement, which are at the heart of the complaint here. *See* Dkt. No. 11 at 2-3. Due process, fairness, the interests of economy and efficiency, and the parties' contractual commitments, would all be better served by raising the issues presented here in the court that is already familiar with the facts, and where a settlement was reached. It is true that plaintiffs slapped on a federal Fair Debt Collection Practices Act claim against defendants, and so have federal question jurisdiction before the Court, but this smacks of gamesmanship given the litigation in the Alameda Superior Court.

Turning to the merits question, plaintiffs have not demonstrated a likelihood of success on the merits at this time, or that they have raised a serious question that might warrant a TRO. Plaintiffs say that RMF has demanded default interest at 18.00%, instead of an agreed-upon interest rate of 6.99%, in violation of the settlement agreement. Dkt. No. 9-1 at 2-3. But the

settlement agreement states that the loan would accrue interest at 6.99%, with "other charges accruing only if there is a Loan default going forward." Dkt. No. 1 ¶ 24; No. 9-1 at 2. By plaintiffs' own admission, they breached the terms of the agreement shortly thereafter by failing to make payments. Dkt. No. 1 ¶ 28; No. 9-1 at 3. This breach did not occur in isolation. The March 2023 agreement expressly acknowledged "increased risks due to . . . the prior defaults on the Loan." Dkt. No. 1 ¶ 24; No. 9-1 at 2. Plaintiffs claim that a default interest rate was improper, citing a review of case law "reveal[ing] no case in which a liquidated damages provision was upheld when a borrower missed a single installment." Dkt. No. 9-1 at 6. Assuming that is true just for the sake of discussion, it is irrelevant. Plaintiffs have missed more than just one installment. To date, they have missed at least four installments on a loan whose terms were renegotiated after plaintiffs' prior loan defaults.

It is also worth noting what plaintiffs do not allege. They do not say that, but for RMF's overcharge, they would have made timely loan payments and avoided foreclosure. Plaintiffs had already missed loan payments, Dkt. No. 1 ¶ 28; No. 9-1 at 3, and do not allege that they made any payments on the loan whatsoever between May and December of this year. Dkt. No. 1 ¶¶ 29-32; No. 9-1 at 3. None of their causes of action seek rescission of the loan or any injunctive relief that would entitle them to the property. The complaint alleges a violation of the Fair Debt Collection Practice Act (FDCPA), breach of contract, California Civil Code Section 2924c of the California Civil Code, and unfair competition in violation of Section 17200 et seq. of the California Business and Professions Code. Dkt. No. 1. The proper remedies are largely legal, not equitable, in nature. There is no link between the injunctive relief sought and the likelihood of success or serious questions on the merits of the complaint's claims.

Consequently, a TRO is denied.

**IT IS SO ORDERED.**

Dated: December 22, 2023

JAMES DONATO
United States District Judge

4